IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RAJA AMER NAWAZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:18-CV-202-D |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**ORDER TO RESPONDENT TO FILE
A PRELIMINARY ANSWER**

On October 24, 2018, petitioner, represented by counsel, filed a petition for a federal writ of habeas corpus challenging what he contends is a final conviction for the offense of manufacture and delivery of a controlled substance out of the 31st Judicial District of Wheeler County, Texas. *State v. Nawaz*, No. 4763-A. Petitioner contends judgment was entered in the state court proceeding on September 17, 2015, but attached a copy of the Texas Court of Criminal Appeals' October 25, 2017 dismissal of petitioner's state habeas application which stated "community supervision had not been revoked." *In re Nawaz*, No. WR-87,522-01 [ECF 1-1]. The Texas Court of Criminal Appeals online case search application does not reflect any additional state habeas actions have been filed by petitioner.

**Preliminary Answer**:   Respondent is directed to file a preliminary answer **within sixty (60) days after entry of this Order** initially addressing whether or not there is a state court ruling in petitioner's underlying state court proceeding which is subject to federal habeas corpus review at the time petitioner filed his federal habeas application.   If respondent believes there is a state

court determination appropriate for this Court to review in a federal habeas corpus proceeding, respondent shall indicate whether she believes such review is any way barred or otherwise restricted and whether respondent asserts or waives any such limitation or restriction. Respondent may set forth, in her preliminary answer, any additional information or argument she contends would be beneficial to the Court in determining the propriety of the instant action.

Respondent shall designate as exhibits any portion of the state court records on which she relies and/or cites in the preliminary answer, and shall attach such exhibits to the preliminary answer.

**Reply**:   Petitioner may file a reply **within twenty-one (21)** after respondent files her preliminary answer.   Petitioner's reply shall only address the issues and arguments raised by respondent in her preliminary answer.

**Order to Show Cause**:   The Court will enter a separate Order to Show Cause, and require respondent to file a full answer, only if warranted after receipt of the preliminary answer.

IT IS SO ORDERED.

ENTERED October 26, 2018.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE