**SHERRI JONES**
**WHEELER COUNTY DISTRICT CLERK**
**P. O. BOX 528**
**WHEELER, TEXAS 79096**
**(806)826-5931**
**(806)826-0346-FAX**

October 5, 2017

Court of Criminal Appeals
State of Texas
Box 12308
Capitol Station
Austin, TX 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS

Re:   Post Conviction on Writ of Habeas Corpus, Cause No. 4763-A
      In the 31st Judicial District Court of Wheeler County, Texas

OCT 09 2017

      EX PARTE

Deana Williamson, Clerk

      RAJA A NAWAZ

Dear Court of Appeals:

      Enclosed please find the Clerks Record on the Post-Conviction Writ of Habeas Corpus on the above referenced defendant.

      If you have any questions, please let me know.

Thank you,

Sherri Jones
District Clerk
Wheeler County, Texas

CC: Franklin McDonough, District Attorney
     Raja Nawaz

# CLERK'S SUMMARY SHEET * * * * * * * TRANSCRIPT COVER
### Rules of Appellate Procedure – Appendix

EX PARTE:                              APPLICATION FOR WRIT OF HABEAS CORPUS
                                       FROM ___WHEELER___COUNTY
RAJA A NAWAZ_____      ___31ST____ DISTRICT COURT

TRIAL COURT WRIT NO. _4763-A___ TRIAL COURT CAUSE NO. _4447_____

APPLICANT'S NAME____RAJA A NAWAZ_____
                    (as reflected on the Judgment)

OFFENSE:_____MAN DEL CS PG 2 GT = 400 G_____
                    (as described on the Judgment)

SENTENCE:___8 YRS DEFERRED ADJUDICATION PROBATION___
                    (as described on the Judgment)

TRIAL DATE:___09-17-2015_____
                    (Date upon which sentence as imposed)

JUDGE'S NAME:_STEVEN R. EMMERT_____
                    (Judge presiding at Trial)

APPEAL NO: ___N/A_____
                    (if applicable

CITATION TO OPINION:_____ S.W. 2ND _____
                    (if applicable)

HEARING HELD:    YES _____    NO __X_____
                    (pertaining to the application for writ)

FINDINGS AND CONCLUSIONS FILED:   YES _____    NO ___X__
                    (pertaining to the application for writ)

RECOMMENDATION:   GRANT _____   DENY _____   NONE _X___
                    (Trial Court's recommendation regarding application)

JUDGE'S NAME: ___STEVEN R. EMMERT_____
                    (Judge presiding over habeas proceeding )


___SHERRI JONES_____ DISTRICT CLERK _WHEELER____COUNTY, TEX.

BY _Sherri Jones_
_District Clerk_

© TDCA2005

**1**

Case No. 4763-A

(The Clerk of the convicting court will fill this line in.)

FILED FOR RECORD

2017 AUG 16 PM 2: 15

SHERRI JONES DIST CLERK
WHEELER COUNTY, TEXAS

**IN THE COURT OF CRIMINAL APPEALS OF TEXAS**

**APPLICATION FOR A WRIT OF HABEAS CORPUS**
**SEEKING RELIEF FROM FINAL FELONY CONVICTION**
**UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07**

*~Jones~*

**NAME:**  Raja A. Nawaz

**DATE OF BIRTH:**  06/12/1974

**PLACE OF CONFINEMENT:**  Morton County Detention Center in Versailles, MO

**TDCJ-CID NUMBER:**                          **SID NUMBER:**

**(1)**   **This application concerns** (check all that apply)**:**

    ☐   a conviction          ☐   parole

    ☐   a sentence           ☐   mandatory supervision

    ☐   time credit           ☐   out-of-time appeal or petition for
                                              discretionary review

**(2)**   **What district court entered the judgment of the conviction you want relief from?**
(Include the court number and county.)

31st District Court

**(3)**   **What was the case number in the trial court?**

4763

**(4)**   **What was the name of the trial judge?**

Judge Steve R. Emmert

Effective: January 1, 2014            1

(5) **Were you represented by counsel?   If yes, provide the attorney's name:**

_____ Adams Tisdell _____

(6) **What was the date that the judgment was entered?**

_____ 9/17/2015 _____

(7) **For what offense were you convicted and what was the sentence?**

Manufacture or Delivery of a Controlled Substance _____

(8) **If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?**

No _____

_____

(9) **What was the plea you entered?** (Check one.)

☐ guilty-open plea          ☐ guilty-plea bargain
☐ not guilty               ☐ *nolo contendere*/no contest

**If you entered different pleas to counts in a multi-count indictment, please explain:**

_____

_____

(10) **What kind of trial did you have?**

☐ no jury          ☐ jury for guilt and punishment
                   ☐ jury for guilt, judge for punishment

2

3

(11)   Did you testify at trial?   If yes, at what phase of the trial did you testify?

<u>Yes, doing the plea</u>

(12)   Did you appeal from the judgment of conviction?

☐   yes                    ☐   no

If you did appeal, answer the following questions:

(A)   What court of appeals did you appeal to?     <u>N/A</u>

(B)   What was the case number?          <u>N/A</u>

(C)   Were you represented by counsel on appeal? If yes, provide the attorney's name:
<u>                    N/A                    </u>

(D)   What was the decision and the date of the decision?        <u>N/A</u>

(13)   Did you file a petition for discretionary review in the Court of Criminal Appeals?

☐   yes                    ☐   no

If you did file a petition for discretionary review, answer the following questions:

(A)   What was the case number?          <u>N/A</u>

(B)   What was the decision and the date of the decision?        <u>N/A</u>

(14)   Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☐   yes                    ☐   no

If you answered yes, answer the following questions:

<u>                    N/A                    </u>
(A)   What was the Court of Criminal Appeals' writ number?

3

4

(B)  What was the decision and the date of the decision?          N/A

(C)  Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

_____ N?A _____

_____

_____

_____

(15)  Do you currently have any petition or appeal pending in any other state or federal court?

☐  yes                    ☐  no

If you answered yes, please provide the name of the court and the case number:

_____

(16)  If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐  yes                ☐  no      N/A

If you answered yes, answer the following questions:

(A)  What date did you present the claim?      N/A

(B)  Did you receive a decision and, if yes, what was the date of the decision?

_____ N/A _____

If you answered no, please explain why you have not submitted your claim:

4

5

_____

_____

_____

_____

_____

(17)   Beginning on page 6, state *concisely* every legal ground for your claim that you are
being unlawfully restrained, and then briefly summarize the facts supporting each
ground. You must present each ground on the form application and a brief
summary of the facts.   *If your grounds and brief summary of the facts have not been
presented on the form application, the Court will not consider your grounds.*
If you have more than four grounds, use pages 14 and 15 of the form, which you
may copy as many times as needed to give you a separate page for each ground, with
each ground numbered in sequence.   The recitation of the facts supporting each
ground must be no longer than the two pages provided for the ground in the form.

You may include with the form a memorandum of law if you want to present legal
authorities, but the Court will *not* consider grounds for relief set out in a
memorandum of law that were not raised on the form.   The citations and argument
must be in a memorandum that complies with Texas Rule of Appellate Procedure 73
and does not exceed 15,000 words if computer-generated or 50 pages if not.   If you
are challenging the validity of your conviction, please include a summary of the facts
pertaining to your offense and trial in your memorandum.

6

**GROUND ONE:**
Ineffective Assistance of Counsel

Failure to Investigate the Case

**FACTS SUPPORTING GROUND ONE:**
On several occasions, Defendant asked Mr. Tisdell to have the substance tested and the

Defendant would pay the entire cost. But, Mr. Tisdell always had an excuse for not testing the

Substance. Defendant wanted an independent testing of the substance. The substance never was

independently tested. Which still leaves the question, what was the substance?   Mr. Tisdell

managed to give excuses until time ran out. Counsel violated his duty to reasonably investigate

the case. The counsel cannot rely on prosecution's investigation on the case.

6

7

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

8

**GROUND TWO:**
Ineffective Assistance of Counsel

Counsel Did Not Reasonably Keep Defendant Informed of the Case

**FACTS SUPPORTING GROUND TWO:**
On several occasions, Defendant requested copies of the file that was in the possession of Mr.

Tisdell. Example: the D.P.S. Lap Report and Charging Documents. But, Mr. Tisdell continued

to make more excuses of reasons of why he did not send the file. Mr. Tisdell did not

keep the Defendant reasonably informed of the case.

8

9

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

9

**GROUND THREE**:
Ineffective Assistance of Counsel

Counsel Did Not Know the Law Governing the Case

**FACTS SUPPORTING GROUND THREE:**
There was some dispute of what the minimum punishment was. Was it 5 or 10 years? And was

the maximum fine, $10,000 or $15,000? The Judge said it was $10,000 then ordered Defendant

to pay a fine of $15,000. It is apparent that no one knew what the penalty range for this case.

Counsel's conduct so undermined proper functioning of adversarial process that trial cannot be

Relied on as having produced a just result.


This is a classic case that Strickland vs. Washington says that it is ineffective assistance of coun-

sel.

10

11

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**GROUND FOUR:**

_____

_____

**FACTS SUPPORTING GROUND FOUR:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

## VERIFICATION

This application must be verified or it will be dismissed for non-compliance.  For verification purposes, an applicant is a person filing the application on his or her own behalf.  A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney.  An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public.  If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information."   A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information."   An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

### OATH BEFORE A NOTARY PUBLIC

STATE OF TEXAS

COUNTY OF _____

_____, being duly sworn, under oath *says*: "I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

_____
Signature of Applicant / Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____, 20_____.

_____
Signature of Notary Public

16

**14**

**PETITIONER'S INFORMATION**

Petitioner's printed name:_____

State bar number, if applicable: _____

Address: _____

_____

_____

Telephone:_____

Fax:_____

**INMATE'S DECLARATION**

I, RAJA A. NAWAZ , am the applicant / petitioner (circle one) and

being presently incarcerated in MORGAN COUNTY A.D.C., declare under penalty of

perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on Aug. 1st , 20 17 .

_____
(Signature of Applicant) / Petitioner (circle one)

Raja A. Nawaz
c/o Morgan County A.D.C. (Jail)
211 E. Newton St. #2
Versailles, MO 65084

17

PH: 573 378 6860

15

**PETITIONER'S INFORMATION**

Petitioner's printed name: _RAJA A. NAWAZ_

Address: _211 E. NEWTON ST #2_
_VERSAILLES, MO 65084_

_____

Telephone: _____

Fax: _____

Signed on _____, 20_____.

_____
Signature of Petitioner

18

**16**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**17**

**GROUND:**

_____

_____

**FACTS SUPPORTING GROUND:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

14

15

19

Name:  RAJA A NAWAZ
DOB:  06/12/1974
SID #:
Offense date:  October 25, 2011
Case Incident #11-10-1321

Offense:  MAN DEL CS PG 2 GT=400G
Sec.: 481.113(e) HSC
Degree: F*
Enhanced:
CJIS #: 35990009
TRN #:

CAUSE NO. _47l63_

BOND _$75,000_
_S/E_

## INDICTMENT

### IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURY, for the County of WHEELER, State of Texas, duly selected,

empaneled, sworn, charged, and organized as such at the January Term, A.D., 2014, of the

31ST Judicial District Court for said County, upon their oaths present in and to said Court at

said term that

### RAJA A NAWAZ

hereinafter styled Defendant, on or about October 25, 2011, and before the presentment of this

indictment, in the County and State aforesaid, did then and there knowingly possess with intent

to deliver a controlled substance, namely, JWH-122,

against the peace and dignity of the State.

Foreperson of the Grand Jury

WITNESSES:

J Schlabs

FILED FOR RECORD
2014 FEB 13  PM 12: 54
SHERRI JONES DIST. CLERK
WHEELER COUNTY, TEXAS
BY

20

NO. 4763

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 31ST JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| RAJA A. NAWAZ | § | WHEELER COUNTY, TEXAS |

## PLEA BARGAIN RECOMMENDATION

COMES NOW the State, by and through its Attorney, and the Defendant, personally and by and through the Defendant's attorney of record; and enter into the following Plea-Bargaining Agreement.

As the result of negotiations between the parties, it is mutually recommended to the Court that punishment be assessed at:

(x) Eight (8) Years deferred adjudication probation pursuant to Article 42.12, Code of Criminal Procedure;

(x) $15,000.00 fine paid at time of plea;

(x) $180.00 restitution paid at time of plea;

(x) Defendant shall perform 320 hours of community service.

SIGNED this 17th day of September, 2015.

_____
Defendant

_____
Attorney for Defendant

_____
Attorney for the State

BY _____
SHERRI JONES DISTRICT CLERK
WHEELER COUNTY, TEXAS
2015 SEP 17  PM 1:49
FILED FOR RECORD

21

No. 4763

| THE STATE OF TEXAS | § | IN THE 31ST JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| RAJA A. NAWAZ | § | WHEELER COUNTY, TEXAS |

<u>ACKNOWLEDGEMENT OF COMPLIANCE WITH ARTICLE 39.14,</u>

<u>TEXAS CODE OF CRIMINAL PROCEDURE</u>

The undersigned parties hereby certify that the State provided the discovery which is attached hereto and further certifies that it is equal to or greater than is required by Texas Code of Criminal Procedure, Art. 39.14. Attorney for Defendant acknowledges that non-public information received pursuant to 39.14 is not subject to disclosure without a court order. The Defendant hereby waives the right to any future discovery and makes no request under Art. 39.14.

Dated this 17th day of September, 2015.

Attorney for the State
SBOT # 24049034

Attorney for Defendant
SBOT # 24067909

Defendant

Filed with the Court on this the 17th day of September, 2015.

Judge Presiding

BY
SHERRI JONES DIST. CLERK
WHEELER COUNTY, TEXAS
2015 SEP 17 PM 1:49
FILED FOR RECORD

22

# DISCOVERY LOG

## State v. RAJA A. NAWAZ

### Cause #4763

| ITEM | PAGES |
|---|---|
| Offense Report of Deputy Jason Holt | 10 |
| Supplemental Report Deputy Jayme Schlabs | 1 |
| Photographs | 7 |
| Lab Submission Forms | 3 |
| DVD-Video – Traffic Stop | 2 |
| CD- Photos | 1 |
| Laboratory Report | 2 |
| Precept to Serve and Capias | 2 |
| Booking sheet | 1 |
| | |
| CCH | 5 |
| Tracking Sheet | 1 |
| Magistrate's Warning | 1 |

23

NO. 4763

| THE STATE OF TEXAS | § | IN THE 31ST JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| RAJA A. NAWAZ | § | WHEELER COUNTY, TEXAS |

### WAIVER AND STIPULATION OF EVIDENCE

COMES NOW RAJA A. NAWAZ, the Defendant in the above entitled and numbered cause, in writing, and in open court and consents to the stipulation of evidence in this case and in so doing expressly waives the appearance, confrontation, and cross-examination of witnesses, and further consents to the introduction of testimony of affidavits, written statements of witnesses, and other documentary evidence in support of the judgment of the court.  Accordingly, having been sworn, under oath, I JUDICIALLY CONFESS to the following facts and agree and stipulate that these facts are true and correct and constitute evidence in this case:

That in WHEELER County, Texas on or about October 25, 2011, I did then and there knowingly possess with intent to deliver a controlled substance, namely, JWH-122

I further admit and stipulate and judicially confess that I am the identical person named in the indictment in the above styled and numbered cause and that all the facts and allegations in said indictment are true and correct.

I further stipulate that I am satisfied with my legal representation in this matter.

DEFENDANT

SWORN TO AND SUBSCRIBED before me the undersigned authority, on this the 17th day of September, 2015.

CLERK OF THE DISTRICT COURT
GRAY COUNTY, TEXAS

BY: _____, Deputy

**APPROVED BY THE COURT:**

**APPROVED:**

_____
Attorney for the Defendant

_____
Attorney for the State

_____
JUDGE PRESIDING

SHERRI JONES DIST. CLERK
WHEELER COUNTY, TEXAS
BY: _____
FILED FOR RECORD
2015 SEP 17 PM 1:49

24

NO. 4763

| THE STATE OF TEXAS | § | IN THE 31ST JUDICIAL |
|---|---|---|
| VS. | § | DISTRICT COURT OF |
| RAJA A. NAWAZ | § | WHEELER COUNTY, TEXAS |

## MOTION FOR DEFERRED ADJUDICATION - FELONY

COMES NOW the Defendant in the above numbered and entitled cause, and makes application herein, within the time and manner prescribed by law, for placing on deferred adjudication probation and deferral of adjudication of guilt herein. In support whereof, your Applicant would respectfully show the Court the following:

1. Defendant is duly represented by a practicing attorney, as directed by law, is in every way eligible for such deferred adjudication probation, and alleges your Applicant possesses a ll legal requirements to be eligible for such deferred adjudication probation as outlined by law.

2. That the Defendant stands charged, in the above numbered and entitled cause, as therein alleged, for the commission of the offense of

MAN DEL CS PG 2 GT=400G

3. If placed on deferred adjudication probation, Defendant promises to abide by, and obey all the terms and conditions set out and subscribed by the Court in granting said deferred adjudication probation; and will commit no offense against the laws of the State of Texas, other states, or the United States; will abstain from injurious and vicious habits, avoid persons and places of disreputable and harmful character; will periodically report to Applicant's assigned Probation Officer or other official, as may be directed by the Court.

4. That your Applicant, the Defendant herein, will work faithfully toward some suitable employment, and remain within the specified territory permitted and directed by the Court.

5. That your Applicant will pay any fine and/or Court costs incurred, if any be assessed, in respective amounts directed by the Court; and in case damages have been ordered paid or replaced, in connection with the above offense, your Applicant also agrees to pay such damages in such amounts that may be ordered by the Court.

6. That the above Defendant will cooperate with any Probation Officer, to whom your Applicant is assigned, and visit with said official or other officer at such times and places as may be directed by the Court.

7. WHEREFORE, Defendant prays the Court that in case of a finding of evidence sufficient to sustain a conviction herein, that the Court withhold making such finding and rather defer adjudicating the guilt of the defendant and place the defendant on deferred adjudication probation in the manner prescribed by law and as may be directed by the Court.

_____
Defendant

SUBSCRIBED AND SWORN TO BEFORE ME, this 17th day of September, 2015.

_____
Notary Public, State of Texas
My Commission Expires:

25

NO. 4763

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 31ST JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| RAJA A. NAWAZ | § | WHEELER COUNTY, TEXAS |

<u>WAIVER OF JURY (CRIMINAL)</u>

COMES NOW, the Defendant, RAJA A. NAWAZ, in the above-styled and numbered cause in open court and before having pleaded to the charging instrument herein, announces that Defendant will plead guilty to said charge and hereby requests the consent and approval of the Court and of the attorney for the State that Defendant may waive the right to trial by jury herein, and does hereby upon the consent of the Court and State's attorney waive trial by jury.

Said Defendant in person, Defendant's counsel, and the State's attorney do hereby enter into an agreement that the Defendant waives the appearance, confrontation, and cross-examination of witnesses in the above-entitled and numbered cause and agrees that the testimony of said witnesses may be stipulated into the record by the State's attorney, such testimony being the same as the witnesses would give if they were present in court and testifying under oath and the Defendant further consents to the introduction of testimony by affidavit, written statements of witnesses and all other documentary evidence that may be introduced by the State and agrees to make a judicial confession.

_____
Defendant

_____
Attorney for Defendant

ON THIS the 17th day of September, 2015, before the said Defendant enters a plea herein, the above request of the Defendant herein is hereby consented to and approved by me, the attorney representing the State herein.

_____
Attorney for the State

ON THIS the 17th day of September, 2015, the above and foregoing application of the defendant herein having been duly considered by the Court and it appearing to the Court that the defendant is herein charged with a felony, that the Defendant is represented by counsel, and that the attorney representing the State herein has given the consent and approval to same, therefore consent and approval of the Court is hereby given thereto.

_____
Judge Presiding

FILED FOR RECORD
2015 SEP 17 PM 1:50
SHERRI JONES DIST. CLERK
WHEELER COUNTY, TEXAS
BY_____

26

NO. 4763

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 31ST JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| RAJA A. NAWAZ | § | WHEELER COUNTY, TEXAS |

### TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT TO APPEAL*

I, Judge of the Trial Court, certify this criminal case:

( )    is not a plea-bargain case, and the defendant has the right of appeal. [or]

( )    is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal. [or]

( )    is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal. [or]

(✓)    is a plea-bargain case, and the defendant has NO right of appeal. [or]

(✓)    the defendant has waived the right of appeal.

Dated September 17, 2015

_____
Judge Presiding

*I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a pro se petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the Court of Appeals' judgment and opinion to my last known address and that I have only 30 days in which to file a pro se petition for discretionary review in the Court of Appeals. Tex. R. App. P. 68.2. I acknowledge that , if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a pro se petition for discretionary review.*

_____
**Defendant**

**Mailing Address**
_916385 8226_

**Telephone Number**

_____
**Fax number (if any)**

_24067909_
**Defendant's Attorney/SBOT ID #**
_821 SW 9th Ave. Ste. 200 Amarillo 79101_
**Mailing Address**
_352 4844_
**Telephone Number**
_214 3177_
**Fax Number (if any)**

*A defendant in a criminal case has the right of appeal under these rules. The trial court shall enter a certification of the defendant's right to appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case – that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant – a defendant may appeal only: (A) those matters that were raised by written motion filed and rules on before trial, or (B) after getting the trial court's permission to appeal," TEXAS RULE OF APPELLATE PROCECURE 25.2(a)(2).

27

NO. 4763

| THE STATE OF TEXAS | § | IN THE 31ST JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| RAJA A. NAWAZ | § | WHEELER COUNTY, TEXAS |

### WAIVER OF APPEAL

COMES NOW the defendant, RAJA A. NAWAZ, and files this written Waiver of Appeal, in the above styled and numbered cause.

_____
Defendant

SWORN AND SUBSCRIBED TO BEFORE ME, the undersigned authority, this the 17th day of September, 2015.

```
DEBBIE McLAUGHLUN
NOTARY PUBLIC
STATE OF TEXAS
Expires 04-12-2018
```

_____
Notary Public, State of Texas
Name printed:
My commission expires:_____

ON THIS the 17th day of September, 2015, the Court approves defendant's request stated above.

_____
Judge Presiding

FILED FOR RECORD
2015 SEP 17 PM 1:50
SHERRI JONES DIST CLERK
WHEELER COUNTY, TEXAS
BY_____

28

NO. 4763

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 31ST JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| RAJA A. NAWAZ | § | WHEELER COUNTY, TEXAS |

### WAIVER OF EXTRADITION

COMES NOW the Defendant, RAJA A. NAWAZ, being charged with the offense of MAN DEL CS PG 2 GT=400G, in consideration of being granted probation, hereby agrees to return to the State of Texas at any time the Defendant is directed to by the sending state or the receiving state or any country. The Defendant acknowledges that he/she may have a constitutional right to insist that the sending state extradite the Defendant from the receiving state or any other state or country where the Defendant may be found. This is commonly called the right to extradition. But the Defendant also understands and acknowledges that the Defendant has agreed to return to the sending state when ordered to do so either by the sending or receiving state or any country. Therefore, the Defendant agrees that he/she will not resist or fight any effort by any state or country to return the Defendant to the sending state and the Defendant agrees to waive any right he/she may have to extradition. The Defendant waives this right freely, voluntarily and intelligently. The Defendant further requests this Court to approve such waiver.

_____
Defendant

SWORN AND SUBSCRIBED TO BEFORE ME, the undersigned authority, this the 17th day of September, 2015.

_____
Notary Public, State of Texas

ON THIS the 17th day of September, 2015, the Court approves the defendant's waiver as stated above.

_____
Judge Presiding
Gray County, Texas

FILED FOR RECORD
2015 SEP 17 PM 1: 50
SHERRI JONES DIST CLERK
WHEELER COUNTY, TEXAS

29

NO. 4763

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 31ST JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| RAJA A. NAWAZ | § | WHEELER COUNTY, TEXAS |

### AGREED ORDER OF DESTRUCTION

On this the 17th day of September, 2015, came on to be heard the Agreed Order of Destruction in the above entitled and numbered cause.

The Court finds that the State and the Defendant, RAJA A. NAWAZ, have reached an agreement as to the destruction of the AM-2201 and JWH-122 in relation to this cause.

The Court finds that the Defendant understands his/her right to have the AM-2201 and JWH-122 tested by the Texas Department of Public Safety Crime Laboratory. The Court finds that the Defendant waives his/her right to have the AM-2201 and JWH-122 tested and agrees that such AM-2201 and JWH-122 may be destroyed upon the disposition of the above-captioned cause.

IT IS THEREFORE ORDERED that the AM-2201 and JWH-122 in relation to this cause shall be destroyed upon disposition of this cause.

SIGNED this 17th day of September, 2015.

_____
Judge Presiding

AGREED:

_____
Attorney for the State

_____
RAJA A. NAWAZ, Defendant

_____
Adam Tisdell, attorney for Defendant

FILED FOR RECORD
2015 SEP 17   PM 1:50
SHERRI JONES, DIST. CLERK
WHEELER COUNTY, TEXAS
BY _____

30

NO. 4763

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 31ST JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| RAJA A. NAWAZ | § | WHEELER COUNTY, TEXAS |

**WRITTEN PLEA ADMONISHMENTS**
(for offenses committed on or after September 1, 1997)

To the Defendant: RAJA A. NAWAZ

Date: September 17, 2015

Pursuant to Article 26.13, C.C.P., you are hereby admonished in writing:

1. **PLEA BARGAINS**: If no plea bargain exists, the recommendation of the prosecuting attorney as to punishment is not binding on the Court. If a plea bargain does exist, the Court will inform you whether it will follow the agreement in open court and before any finding on your plea. Should the Court reject the agreement, you will be entitled to withdraw your plea.

2. **PERMISSION TO APPEAL**: If the Court assesses punishment that does not exceed the recommendation made by the prosecuting attorney and agreed to by you and your attorney, the Court must give its permission to you before you can prosecute an appeal on any matter in the case, except on those matters which have been raised by written motion filed prior to trial.

3. **CITIZENSHIP**: If you are not a citizen of the United States of America, a plea of "Guilty" or "Nolo Contendere" for this offense will result in your deportation, your exclusion from admission to the United States of America, or the denial of naturalization under federal law.

4. **DEFERRED ADJUDICATION**: If the Court defers adjudicating your guilt and places you on community supervision, then upon any violation of any imposed condition, you may be arrested and detained a provided by the law. You will then be entitled to a hearing limited to the determination by the Court of whether to proceed with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and your right to appeal, continue as if adjudication of guilt had not been deferred.

5. **SEX OFFENDER REGISTRATION PROGRAM**: If you are convicted of or placed on deferred adjudication for an offense for which a person is subject to registration under the Sex Offender Registration Program, Chapter 62, Tex.Code.Crim.Proc., you are required to meet the registration requirements of said Chapter 62. If you are subject to registration under said Chapter 62, the Court has ascertained whether your attorney representing you has advised you regarding the registration requirements under said Chapter 62. If you are subject to registration under the Sex Offender Registration

*3 1*

Program, you hereby acknowledge that your attorney has fully advised you about any and all sex offender registration requirements of Chapter 62, Tex.Code.Crim.Proc.

6. **WITHDRAWAL FROM OFFENDER TRUST FUND ACCOUNT**: If the Court sentences you to a term of confinement in a Texas Department of Criminal Justice facility, an order will be entered which requires the Inmate Trust Fund Supervisor to withdraw a specified amount from your Offender Trust Fund Account for the payment of amounts assessed by the Court for court costs, fees, and/or fine pursuant to Government Code, Section 501.014.

### DEFENDANT'S WAIVERS AND STATEMENT ON ADMONISHMENTS

Comes now the undersigned Defendant, joined by my counsel, and hereby state that I understand the foregoing admonishments from the Court and am aware of the consequences of my plea. I further state that I am mentally competent and that my plea is freely, knowingly, and voluntarily entered. I was sane at the time of the commission of the offense to which I have plead. If counsel is appointed, I give up and waive any right I may have to wait to prepare for trial. I am totally satisfied with representation given to me by my counsel. My counsel provided fully effective and competent representation. I also waive and give up under Art. 1.14 and 1.141, C.C.P., all rights given to me by law, whether of form, substance, or procedure. Joined by my attorney, I waive and give up my right to a jury in this case under Art. 1.13, C.C.P. Also joined by my attorney under Art. 1.15, C.C.P., I waive and give up the right to appearance, confrontation and cross-examination of the witnesses and I consent to oral and written stipulations of evidence. I waive any right to appeal I may have in this case. No one has threatened me in any way or placed me under any kind of fear in order to cause me to enter a plea to the charge herein and my plea is freely, knowingly, and voluntarily entered. No one has promised me anything, including probation, a pardon, or early parole in order to cause me to enter a plea to the charge herein.

I further state that I understand that if I am convicted of or placed on deferred adjudication for an offense for which a person is subject to registration under Chapter 62 (Sex Offender Registration Program) of the Texas Code of Criminal Procedure, I will be required to meet the registration requirements of Chapter 62 (Sex Offender Registration Program) of the Texas Code of Criminal Procedure. The attorney representing me in these proceedings has advised me regarding the registration requirements under Chapter 62 (Sex Offender Registration Program) of the Texas Code of Criminal Procedure.

_____     _____
Counsel for Defendant                               Defendant

### ORDER APPROVING ADMONITIONS, WAIVERS, AND JUDICIAL CONFESSION

The Court, having admonished the Defendant as required by law and having inquired of the foregoing statements and waivers by the Defendant, and finding beyond a reasonable doubt that the Defendant's Judicial Confession is true and freely, knowingly, and voluntarily entered, hereby approves the above waivers and receives the Defendant's Judicial Confession.

_____
Judge Presiding

32



**CASE NO. 4763**    COUNT Single
INCIDENT NO./TRN: 11-10-13210109981723

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 31st DISTRICT FILED FOR RECORD |
| | § | |
| V. | § | COURT    2015 SEP 17 PM 1:51 |
| | § | |
| | § | SHERRI JONES DIST. CLERK |
| RAJA A. NAWAZ | § | WHEELER COUNTY, TEXAS WHEELER COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX50663487 | § | BY _____ |

## ORDER OF DEFERRED ADJUDICATION

| | | |
|---|---|---|
| Judge Presiding: **HON. STEVEN EMMERT** | Date Order Entered: | **9/17/2015** |
| Attorney for State: **FRANKLIN MCDONOUGH** | Attorney for Defendant: | **ADAM TISDELL** |

Offense:
**MAN DEL CS PG 2 GT=400G - 35990009**

| Charging Instrument: | Statute for Offense: |
|---|---|
| **INDICTMENT** | **481.113(e) Health and Safety Code** |

Date of Offense:
**10/25/2011**

| Degree of Offense: | Plea to Offense: | Findings on Deadly Weapon: |
|---|---|---|
| **HYBRID FELONY** | **GUILTY** | **N/A** |

Terms of Plea Bargain:
**EIGHT (8) YEARS DEFERRED ADJUDICATION PROBATION, $15,000 FINE TO BE PAID AT TIME OF PLEA AND $180 RESTITUTION TO BE PAID AT TIME OF PLEA**

| Plea to 1st Enhancement Paragraph: | **N/A** | Plea to 2nd Enhancement/Habitual Paragraph: | **N/A** |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | **N/A** | Findings on 2nd Enhancement/Habitual Paragraph: | **N/A** |

### ADJUDICATION OF GUILT DEFERRED;
### DEFENDANT PLACED ON COMMUNITY SUPERVISION.

### PERIOD OF COMMUNITY SUPERVISION: EIGHT (8) YEARS

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| **$ 15,000.00** | **$ 393.00** | **$ 180.00** | ☐ VICTIM (see below)  ☒ AGENCY/AGENT (see below) |

**Sex Offender Registration Requirements do not apply to the Defendant.** TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was **N/A** .

| Time Credited: | **N/A DAYS** |
|---|---|
| | NOTES: N/A |

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in **Wheeler** County, Texas. The State appeared by her District Attorney as named above.

**Counsel / Waiver of Counsel (select one)**
☒ Defendant appeared in person with Counsel.
☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered a plea as indicated above. The Court admonished the Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court FINDS such evidence substantiates Defendant's guilt. The Court FINDS that, in this cause, it is in the best interest of society and Defendant to defer proceedings without entering an adjudication of guilt and to place Defendant on community supervision.

The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS that Defendant is given credit noted above for the time spent incarcerated. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

**33**

The Court ORDERS that no judgment shall be entered at this time. The Court further ORDERS that Defendant be placed on community supervision for the adjudged period so long as Defendant abides by and does not violate the terms and conditions of community supervision. See TEX. CODE CRIM. PROC. art. 42.12 § 5(a).

**Furthermore, the following special findings or orders apply:**
THE DEFENDANT SHALL PAY RESTITUTION TO THE TEXAS DEPARTMENT OF PUBLIC SAFETY, RESTITUTION ACCOUNTING, P.O. BOX 4087, AUSTIN, TEXAS, 78711-4087.

**Signed and entered on September 17, 2015**

X
<u>STEVEN EMMERT</u>
JUDGE PRESIDING

Clerk: Sherri Jones



Right Thumbprint

**3 4**

NO. 4763

FILED FOR RECORD

2015 SEP 17 PM 1:51

SHERRI JONES DIST. CLERK
DISTRICT COURT WHEELER COUNTY, TEXAS

THE STATE OF TEXAS      §      IN THE 31ST JUDICIAL

VS.      §      DISTRICT COURT OF

RAJA A. NAWAZ      §      WHEELER COUNTY, TEXAS

TRN: 0109981723            SID: 50663487

## ORDER IMPOSING CONDITIONS OF COMMUNITY SUPERVISION

In accordance with the authority conferred by article 42.12 of the Code of Criminal Procedure, the Court has placed the Defendant on community supervision in the above styled and numbered cause for the offense of MAN DEL CS PG 2 GT=400G for a **period of Eight (8) Years**. The Court hereby **ORDERS** the Defendant to comply with the following conditions of community supervision:

1. Obey all orders of the Court and the Community Supervision Officer in charge of the case.

2. Defendant shall commit no offense against the laws of this or any State or of the United States or any other Country. Defendant shall notify the Community Supervision Officer in charge of the case within forty eight (48) hours of being arrested and/or charged with a criminal offense.

3. Defendant shall avoid injurious or vicious habits; abstain from the use of alcoholic beverages; abstain from the use of narcotic or habit forming drugs without a doctor's prescription. Defendant shall not possess nor consume any alcoholic beverages. Defendant shall not possess nor consume any narcotic or dangerous drugs which are illegal under the laws of the State of Texas.

4. Defendant shall avoid persons or places of disreputable or harmful character; do not associate with persons with felony criminal records, persons who possess, use, or sell narcotics or habit forming drugs; avoid places where narcotic or habit forming drugs are illegally possessed, sold or used, and places where alcoholic beverages are possessed, sold, or used.

5. Defendant shall report to the Community Supervision Officer on a monthly basis or as otherwise directed by the Supervising Officer in charge of the case.

6. Defendant shall permit the Community Supervision Officer to visit at their home or elsewhere, and to submit to an inspection of his person or premises for contraband, including alcohol and/or narcotic drugs.

7. Defendant shall work faithfully at suitable employment as far as possible.

8. Defendant shall not change employment or place of residence without the permission of the Community Supervision Officer.

9. Defendant shall remain within the supervising county, unless given permission to depart by the Community Supervision Officer in charge of the case.

35

10. Defendant shall support their dependents.

11. Defendant shall pay their fine, if one is assessed, transcript fees, and the costs of Court, in one or several sums, and make restitution in any sum the Court shall determine, to-wit:

    $393.00 Court Costs

    $-0- Fine

    $-0- Restitution

    $-0- Court-Appointed Attorney's Fees

    The above unpaid is to be paid in payments each month as determined by the Community Supervision and Corrections Department until fully paid, to the Community Supervision and Corrections Department; the first monthly payment shall be made on or before the expiration of one month from the date of this order. Each monthly payment shall be made the last day of each month thereafter.

12. Defendant shall pay a $ 60.00 per month community supervision fee to the Community Supervision and Corrections Department, beginning on the date of this order. Each monthly payment shall be made by the last day of each month thereafter.

13. Defendant shall perform 320 hours of Community Service Restitution at a governmental, charitable, or non-profit organization as assigned by the Community Supervision Officer in charge of the case, at a rate of no less than 12 hours per month, beginning within thirty (30) days of today's date and be responsible for any costs of supervision.

14. Defendant shall submit an oral, urine or blood sample to the Community Supervision Officer in charge of their case at any time a request for such sample is made. The Defendant shall pay all expenses in connection with the analysis of said samples.

15. Before leaving the State of Texas, the defendant shall deposit cash in the amount sufficient to cover the cost of extradition back to the State of Texas. This cash must be posted with the County Treasurer's Office before any transfer of supervision is authorized and shall be returned to the defendant upon termination of his supervision. This money will be used only for the purpose of extradition, should that need arise.

16. Defendant shall comply with a course of conduct prescribed by the Community Supervision officer in charge of the case for rehabilitation of alcohol or drug dependency. The Defendant shall pay all expenses in connection with said rehabilitation.

17. Defendant shall submit to literacy testing conducted by the Education/Literacy Coordinator at the Community Supervision and Corrections Department on or before the expiration of one month from the date of this order, and attend weekly tutoring as deemed necessary on the basis of education evaluation.

18. Defendant shall complete an education screening exam on or before the expiration of one week from the date of this order and if required by the Community Supervision Officer in charge of the case, shall attend education classes as directed and attain a GED.

19. Defendant shall pay a $200.00 transfer fee each and every time the defendant's probation is transferred to another State or County.

20. Defendant shall not buy, sell or possess a firearm during the term of community supervision.

21. Defendant shall submit a DNA sample to the Community Supervision Officer in charge of their case for the purpose of creating a DNA record of the Defendant, unless the Defendant has already submitted the required sample under other state law.

22. Defendant shall attend and successfully complete an educational program for drug offenders approved by the Texas Commission on Alcohol and Drug Abuse before the 181st day after the date of this judgment and pay all costs of the program.

The Defendant is hereby advised that, under the laws of the State of Texas, the Court shall determine the conditions of community supervision and may, at any time during the period of supervision, alter or modify the conditions of supervision. The Court also may extend the period of supervision and has the authority to revoke the community supervision at any time during the period of supervision for any violation of the conditions.

Signed this the 17th day of September, 2015.

Judge Presiding

Receipt is hereby acknowledged on the date shown above of one copy of the above order.

Defendant                                          Community Supervision Officer

Defendant's right thumbprint

37

From:Gray County DA          806 669 8050          08/31/2017 13:47          #736 P.001/001

Aug/16/2017 3:01:56 PM          Wheeler CountyDistrict Clerk 806.826.0346          1/17

FILED FOR RECORD

2017 AUG 31 PM 2: 34

SHERRI JONES DIST. CLERK
WHEELER COUNTY. TEXAS

BY _____

**SHERRI JONES
DISTRICT CLERK
WHEELER COUNTY
P O BOX 528
WHEELER, TX 79096
806-826-5931
FAX 806-826-0346**

August 16, 2017

RE:   RAJA A NAWAZ
      POST CONVICTION WRIT OF HABEAS CORPUS

      THE STATE OF TEXAS
      CAUSE NO. 4763-A
      WHEELER COUNTY, TEXAS

The District Attorney, Franklin McDonough, of Wheeler County has received the Application for Writ of Habeas Corpus, by Fax, on the upon styled case from Sherri Jones, District Clerk of Wheeler County, Wheeler, Texas on AUGUST___3/___, 2017.

31ST District Attorneys office
for Wheeler County, Tx

**Attached is your copy of the Application for Writ of Habeas Corpus-Post Conviction. After signing this receipt, please fax back to my office 826-0346. Thank you, Sherri Jones, District Clerk/Wheeler Co.

38

# CRIMINAL DOCKET

372   BEAR GRAPHICS, INC.

No. 4763

| Number of Case | STYLE OF CASE | ATTORNEYS | OFFENSE | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | Month | Day | Year |
| 4763 | THE STATE OF TEXAS vs. | Franklin McDonough State | Man Del CS | 2 | 13 | 14 |
| FEE BOOK | | | | Information, Index or Indictment | | |
| Vol. | Page | Raja A. Nawaz    Adam Tisdell Defendant | | | | |

| DATE OF ORDERS | | | Was Stenographer Used? | ORDERS OF COURT | Minute Book | | WITNESSES |
|---|---|---|---|---|---|---|---|
| Month | Day | Year | | | Vol. | Page | |
| 2 | 13 | 14 | | Indictment returned in open court | | | |
| | | | | Bond Set at $75,000 w/a | | | |
| 4 | 29 | 15 | | Order of Arraignment On | | | |
| 9 | 17 | 15 | | Order of Deferred Adjudication On | | | |
| 2 | 2 | 16 | | Order Denying Early Termination of | | | |
| | | | | Probation | | | |

39

CAUSE NO. 4763-A

EX PARTE                          }{      IN THE 31ST DISTRICT COURT

RAJA A NAWAZ                      }{      OF WHEELER COUNTY, TEXAS

### CLERK'S CERTIFICATE OF NON-ACTION BY TRIAL COURT

This is to certify that the above-numbered and entitled Post Conviction Application for Writ

of Habeas Corpus was filed in this court on the 16TH day of AUGUST, 2017, and a copy

of said petition was Faxed & Signed for by the District Attorney's office on the 31ST day

of AUGUST, 2017; that further, as clerk of this court, I hereby certify that no action has

been taken by the trial court within a 35-day time limit from the filing of this petition.

So certified this the 5TH day of OCTOBER, 2017.

SHERRI JONES

DISTRICT CLERK

WHEELER COUNTY

40

## BILL OF COST

**THE STATE OF TEXAS**

**COUNTY OF WHEELER**

The total cost assessed in this case for court costs, fees and/or fines:

| Fine, Fees & Court Costs | ASSESSED | BALANCE |
|---|---|---|
| CLERK (102.005 CCP) | $40.00 | $0.00 |
| STATE (102.075) CCC | $133.00 | $0.00 |
| COURTHOUSE SECURITY FUND | $5.00 | $0.00 |
| RECORDS PRESERVATION FEE | $22.50 | $0.00 |
| RECORDS PRESERVATION FEE | $2.50 | $0.00 |
| JUDICIAL FUND (102.022CCP | $5.40 | $0.00 |
| JUDICIAL FUND (102.022CCP | $0.60 | $0.00 |
| INDIGENT DEFENSE FEE (102 | $2.00 | $0.00 |
| JUROR REIMB FEE 102.0045G | $4.00 | $0.00 |
| TECHNOLOGY FEE | $4.00 | $0.00 |
| DRUG COURT FEE (102.0178C | $60.00 | $0.00 |
| CRIMINAL E-FILING | $5.00 | $0.00 |
| TIME PAYMENT FEE (133.103 | $25.00 | $0.00 |
| WARRANT OR CAPIAS | $50.00 | $0.00 |
| DNA FEE PROB & DEFERRED | $34.00 | $0.00 |
| FINE | $15,000.00 | $0.00 |
| | $15,393.00 | $0.00 |

Wheeler County Cause No. 4763
COURT: 31ST DISTRICT COURT
OFFENSE/S: MAN DEL CS PG 2 OR 2-A >=400G

THE STATE OF TEXAS
*Plantiff*
VS
NAWAZ, RAJA A
*Defendant*

### DISTRICT COURT OF WHEELER COUNTY, TEXAS

Time payment fee of $25 will be assessed if any part of the
fine, court costs, or restitution is paid on or after the 31st day after the
date the judgment assessing the fine, court costs or restitution is entered
See Texas Local Government Code, Section 133.103.

I, Sherri Jones, District Clerk in and for Wheeler County, Texas do hereby
certify that the foregoing is a correct account of the **court costs, fees
and/or fines** adjudged against the defendant in the above entitled and numbered
cause, up to this date, OCTOBER 201

Sherri Jones, District Clerk
Wheeler County, Texas

_____
SVX Deputy

41

CLERK'S CERTIFICATE

THE STATE OF TEXAS                  {
                                    {
                                    {
COUNTY OF WHEELER,                  {

    I, SHERRI JONES, CLERK OF THE 31ST DISTRICT COURT OF WHEELER

COUNTY, STATE OF TEXAS, DO HEREBY CERTIFY THAT THE DOCUMENTS

CONTAINED IN THIS RECORD TO WHICH THIS CERTIFICATION IS ATTACHED

ARE ALL OF THE DOCUMENTS SPECIFIED BY TEXAS RULE OF APPELLATE

PROCEDURE 34.5 (A) AND ALL OTHER DOCUMENTS TIMELY REQUESTED BY

THE PARTY TO THIS PROCEEDING UNDER TEXAS RULE OF APPELLATE

PROCEDURE 34.5 (B).

CAUSE NO. 4763-A

EX PARTE
VS
RAJA A NAWAZ

    GIVEN UNDER MY HAND AND SEAL AT MY OFFICE IN WHEELER,

COUNTY, TEXAS ON THE 5TH DAY OF OCTOBER, 2017.

SHERRI JONES
DISTRICT CLERK
WHEELER COUNTY, TEXAS

43