IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RAJA AMER NAWAZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:18-CV-202-D |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner RAJA AMER NAWAZ. For the following reasons, petitioner's habeas application should be DENIED.

I.
STATEMENT OF THE CASE

On February 13, 2014, petitioner was charged by Indictment in the 31st Judicial District Court in Wheeler County, Texas with the first degree felony offense of possession with intent to deliver a controlled substance in Penalty Group 2 in an amount ≥ 400 grams in violation of section 481.113(e) of the Texas Health and Safety Code. *State v. Nawaz*, No. 4763 [ECF 6-2 at 21]. Specifically it was alleged that on or about October 25, 2011, petitioner:

> [D]id then and there knowingly possess with intent to deliver a controlled substance, namely, JWH-122.

[*Id.*].

On September 17, 2015, petitioner pled guilty to the charged offense, entered a judicial confession, moved for a deferral of adjudication of guilt, and applied for probation/community supervision. [ECF 6-2 at 25-27]. The state trial court accepted petitioner's guilty plea and, pursuant to the State's punishment recommendation, deferred adjudication of petitioner's guilt, placed defendant on deferred adjudication probation/community supervision for a term of eight (8) years, assessed various fees and court costs, assessed $180 in restitution and a $15,000 fine, and ordered the completion of 320 hours of community service. [ECF 6-2 at 34-38]. Pursuant to his plea bargain with the State, petitioner waived his right to appeal the trial court's order. [ECF 6-2 at 28-29]. In accordance with said waiver, petitioner did not file an appeal of the trial court's *Order of Deferred Adjudication*.

On February 2, 2016, the state trial court entered an Order denying early termination of petitioner's probation/community supervision, presumably in response to a *pro se* request or motion filed by petitioner. [ECF 6-2 at 40]. The record does not reflect the State thereafter alleged petitioner violated any conditions of his community supervision or moved to proceed to adjudicate petitioner's guilt on the original charge. Nor does the record indicate the state trial court ever adjudicated petitioner guilty of the charged possession offense, assessed petitioner a sentence, or entered Judgment in petitioner's underlying criminal proceeding.

Nonetheless, on August 1, 2017, petitioner, acting *pro se*, prepared and presumably mailed an application for a state writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure,[1] such application being received and filed-marked by the trial court on August 16, 2017.[2] *Ex parte Nawaz*, No. 87,522-01. [ECF 6-2 at 3-20]. By this 11.07 state habeas application,

---

[1] "A writ application under Article 11.07 of the Texas Code of Criminal Procedure may only be used to challenge a final conviction." *Ex part Hiracheta*, 307 S.W.3d 323, 325 (Tex.Crim.App. 2010). Here, as set forth above, petitioner had not been adjudicated guilty and did not have a final conviction.

[2] Petitioner was confined in a Missouri county jail at the time he filed his state habeas corpus application.

petitioner alleged counsel was ineffective in the underlying criminal proceeding because he failed to independently test the substance at issue, failed to provide petitioner with copies of lab reports and other documents or otherwise keep petitioner informed about the case, and failed to know the law governing petitioner's minimum punishment and maximum fine. [ECF 6-2 at 8, 10, 12]. The district attorney's office did not file a response to petitioner's state habeas application, nor did the state trial court enter findings of fact and conclusions of law with regard to the petition. [ECF 6-2 at 41].

On October 25, 2017, the Texas Court of Criminal Appeals dismissed petitioner's "application for 11.07 writ of habeas corpus" noting petitioner's "community supervision [had] not [been] revoked" and citing article 11.072 of the Texas Code of Criminal Procedure, the "article establish[ing] the procedures for an application for a writ of habeas corpus in a felony . . . case in which the applicant seeks relief from an order . . . ordering community supervision. *Ex parte Nawaz*, No. 87,522-01 [ECF 6-1].

On October 24, 2018, petitioner, represented by legal counsel, filed the instant application for federal habeas corpus relief. [ECF 1].

II.
PETITIONER'S ALLEGATION

In the instant federal habeas application, petitioner argues he is being held in violation of the Constitution and laws of the United States for the following reason:

"Ineffective assistance of counsel against Adam Tisdale."

Petitioner indicates his application is intended merely as an outline and requests an opportunity to supplement "with more definite facts and law." Without further elaboration, the undersigned construes petitioner's claim to be that he was denied effective assistance of counsel during the underlying criminal proceeding that culminated in his September 17, 2015 guilty plea pursuant to

which adjudication of petitioner's guilt was deferred and petitioner was placed on eight (8) years of community supervision.[3]

### III.
### RESPONDENT'S *PRELIMINARY ANSWER*

On December 21, 2018, respondent filed a *Preliminary Answer* arguing petitioner's habeas application should be dismissed as time barred. [ECF 5]. In her response, respondent fully and accurately briefed statutory and case law regarding the statute of limitations in federal habeas corpus cases, the limitations period in cases involving orders deferring adjudication, and equitable tolling of the limitations period. Respondent also fully and accurately set forth relevant dates in this case and analyzed the timeliness of petitioner's habeas application. Petitioner did not file a reply to respondent's *Preliminary Answer*.

### IV.
### STATUTE OF LIMITATIONS

Title 28 U.S.C. section 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[3] Adam Tisdale was petitioner's attorney during the underlying criminal proceeding.

>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. section 2244(d)(2) further provides:

>   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## V.
## TIME BAR

Petitioner's sole claim asserts he was denied his right to effective assistance of counsel in the underlying criminal proceeding that resulted in his September 17, 2015 guilty plea, and the entry of the state trial court's *Order of Deferred Adjudication* and *Order Imposing Conditions of Community Supervision*. Under Texas law, a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding only in an appeal taken when deferred adjudication community supervision is first imposed. *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex.Crim.App. 1999). Here, the state trial court entered the Order placing petitioner on deferred adjudication probation on September 17, 2015. Despite his waiver of appeal, petitioner had thirty (30) days in which to file a Notice of Appeal initiating a direct appeal of the order deferring adjudication and granting petitioner's probation. *See* Tex. R. App. P. 26.2(a)(1). Petitioner failed to do so.

For purposes of section 2244(d)(1), an order deferring adjudication following a guilty plea is a final judgment. *Tharpe v. Thaler*, 628 F.3d 719, 724 (5th Cir. 2010); *Caldwell v. Dretke*, 429 F.3d 521, 529 (5th Cir. 2005). Because petitioner failed to file an appeal, the deferred adjudication order became "final" for AEDPA purposes upon the expiration of the 30-day appellate period, or on October 17, 2015. *See* Tex. R. App. P. 26.2(a)(1). Under the AEDPA, petitioner had one year,

or until October 17, 2016, to raise any complaints regarding deficiencies during the deferred adjudication proceedings.[4]

---

[4]Petitioner has presented nothing indicating a provision other than 28 U.S.C. § 2244(d)(1)(A) is applicable to this case.

A properly filed state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244(d)(2). Petitioner's 11.07 state habeas application, filed August 1, 2017, even if considered properly filed, was filed well after the expiration of the limitations period and did not provide petitioner with any statutory tolling.

The one-year limitation period for filing a habeas corpus petition established in 28 U.S.C. section 2244(d)(1) is not a jurisdictional bar and is subject to equitable tolling. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, petitioner has not asserted any basis for equitable tolling, nor has he, in any way, demonstrated such tolling is warranted, such as showing he was actively misled by the State about his claims or that he was prevented in some extraordinary way from filing his petition. Petitioner is not entitled to equitable tolling.

A credible showing of "actual innocence" may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013). Petitioner, in open court, entered a plea of guilty to the charged offense and executed a judicial confession admitting he committed the acts alleged in the Indictment. However, petitioner does not argue he is actually innocent of the charged offense or that he should be excused from any applicable time bar. Nor has he made the necessary showing of actual innocence by presenting any "new, reliable evidence" that was not previously presented and was unavailable to him in the underlying proceedings, or shown it is more likely than not that, "in light of the new evidence," no fact finder, acting reasonably, would have found petitioner guilty.

## VII.
## FINDINGS AND CONCLUSIONS

The undersigned makes the following findings and conclusions:

1. The state trial court entered the *Order of Deferred Adjudication* on September 17, 2015. Petitioner did not file a direct appeal of this Order with the appropriate state appellate court.

2. Petitioner's deferred adjudication order became final on **October 17, 2015**, when the 30-day period to file a notice of appeal expired. Tex. R. App. P. 26.2(a)(1); *see Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2002) (finality determined by when time for filing further appeals expires).

3. The record does not reflect any unconstitutional "State action" impeded or prevented petitioner from filing for federal habeas corpus relief.

4. Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

5. Petitioner's claims are not of such a nature that they could not have been discovered, through the exercise of due diligence, until a date subsequent to petitioner's conviction becoming final.

6. The 1-year period of limitation in this case began on the date on which petitioner's judgment became final by the expiration of the time for seeking direct review under 28 U.S.C. § 2244(d)(1)(A).

7. Petitioner's federal habeas corpus petition was thus due on or before **October 17, 2016**, unless statutorily or equitably tolled.

8. Petitioner's 11.07 state habeas application, even if considered properly filed, was filed **August 1, 2017**, after the expiration of the limitation period, and did not statutorily toll the limitations period.

9. Petitioner has not asserted, much less demonstrated, he is entitled to any periods of equitable tolling.

10. Petitioner's federal habeas corpus application, filed **October 24, 2018** when electronically filed by legal counsel, was filed after the expiration of the statute of limitations and **is time barred**.

11. Petitioner has not asserted an actual innocence exception to the time bar, nor has he demonstrated actual innocence by presenting new reliable evidence not previously presented showing it is more likely than not that no reasonable juror would have convicted petitioner in light of the new evidence.

Therefore, for the reasons set forth by respondent and for the reasons set out above, it is the opinion of the undersigned United States Magistrate Judge that petitioner's application for a writ of habeas corpus be DENIED.

## VIII.
## RECOMMENDATION

For the above reasons and the reasons set forth in respondent's *Preliminary Answer* filed December 21, 2018 [ECF 5], it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner RAJA AMER NAWAZ be DENIED.

## IX.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED February 7, 2019.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

HAB54\FCR\NAWAZ-202.DEFERRED ADJUD-NO CONV:2